6 F.3d 788
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Ralph M. DU BOIS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3158.
 United States Court of Appeals, Federal Circuit.
 Sept. 23, 1993.
 
 Before NEWMAN and PLAGER, Circuit Judges, and RONEY, Senior Circuit Judge*.
 PER CURIAM:
 
 
 1
 Petitioner Ralph M. DuBois appeals a decision of the Merit Systems Protection Board (Board) that affirmed a decision of the Office of Personnel Management (OPM), which held that Nancy L. DuBois, the divorced wife of Mr. DuBois, was entitled to a portion of his civil service retirement benefits pursuant to a "qualifying court order" under the apportionment provision of the Civil Service Retirement Act, 5 U.S.C. Sec. 8345(j). See 5 C.F.R. Sec. 831.1704 (1989).
 
 
 2
 Contrary to Mr. DuBois' argument, the Board correctly decided that the state court, which ordered the division of his retirement pay, only divided his federal pension and the residual benefits from his federal retirement accounts. The divorce decree made no mention of his Social Security benefits. Thus, the law in Umber v. Umber, 591 P.2d 229 (Okl.1979), states that Social Security benefits are beyond the control of state courts is not applicable. The law concerning civil service retirement benefits is clear: they are to be paid to another person to the extent required by court order incident to a divorce decree. 5 U.S.C. Sec. 8345(j)(1).
 
 
 3
 The argument that the typographical error as to his middle initial somehow deprived the state court garnishment judgment of its intended effect, there being no doubt that the order applied to DuBois, is frivolous.
 
 
 4
 We hold that the MSPB decision is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or contrary to any law, rule or regulation. Therefore, it is affirmed.
 
 
 5
 Each party to bear their own costs.
 
 
 
 *
 Honorable Paul H. Roney, of the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation